NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| BRITTANY MORRISON, individually and on behalf of all others similarly situated,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>YIPPEE ENTERTAINMENT, INC.,<br><br>Defendant - Appellant. | No. 24-7235<br><br>D.C. No.<br>3:24-cv-00797-MMA-KSC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted August 12, 2025
Pasadena, California

Before: NGUYEN, FORREST, and VANDYKE, Circuit Judges.

Yippee Entertainment, Inc. (Yippee) appeals the district court's order denying

its motion to compel arbitration of Brittany Morrison's (Morrison) claim under the

Video Privacy Protection Act (VPPA), 18 U.S.C. § 2710. Morrison alleges that

Yippee unlawfully disclosed her personally identifiable information to a third party

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

after she subscribed to Yippee's streaming service. Yippee contends that Morrison's VPPA claim is subject to mandatory arbitration due to the Terms of Service (Terms) hyperlinked on the subscription sign-up webpage. We have jurisdiction under 9 U.S.C. § 16(a)(1)(B), and we reverse and remand.[1]

We review the denial of a motion to compel arbitration de novo. *Chabolla v. ClassPass, Inc.*, 129 F.4th 1147, 1150 (9th Cir. 2025). "The Federal Arbitration Act (FAA) requires courts to compel arbitration of claims covered by an enforceable arbitration agreement." *Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 509–10 (9th Cir. 2023). "In determining whether a valid arbitration agreement exists, federal courts 'apply ordinary state-law principles that govern the formation of contracts.'" *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014) (citation omitted). Under California law, an "enforceable agreement may be found where (1) the website provides reasonably conspicuous notice of the terms to which the consumer will be bound; and (2) the consumer takes some action, such as clicking a button or checking a box, that unambiguously manifests his or her assent to those terms." *Oberstein*, 60 F.4th at 515 (citation omitted); *see also Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 856 (9th Cir. 2022) (applying California law).

1. The district court erred in concluding that Yippee's webpage did not

---

[1] We **GRANT** Plaintiff-Appellee's motion for judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

provide reasonably conspicuous notice. Notice is "reasonably conspicuous" if it is "displayed in a font size and format such that the court can fairly assume that a reasonably prudent Internet user would have seen it." *Oberstein*, 60 F.4th at 515 (citation omitted). Here, the hyperlink appeared in bright blue font against a clean white background that stood out from the surrounding text to indicate it was clickable. The hyperlink was also located directly above the "Start subscription" button—precisely where a user would expect it within the natural visual path of completing the subscription process—and alongside the statement that, "[b]y clicking below, you agree to our Terms of Service." The format of Yippee's webpage was also not so visually cluttered that it distracted from the hyperlink, and the presence of other hyperlinks or placement within a multi-line paragraph did not negate its conspicuousness. *See Keebaugh v. Warner Bros. Ent. Inc.*, 100 F.4th 1005, 1020–21 (9th Cir. 2024). Because we "can fairly assume that a reasonably prudent Internet user would have seen [the hyperlink]" based on these features, there was reasonable notice. *Oberstein*, 60 F.4th at 515–16 (quoting *Berman*, 30 F.4th at 856); *see also Chabolla*, 129 F.4th at 1157.

In addition to these visual features, the "context of the transaction" further demonstrates that the Terms were reasonably conspicuous. *Oberstein*, 60 F.4th at 516. A reasonable user subscribing to Yippee's recurring streaming service would have "contemplate[d] some sort of continuing relationship" that prompted scrutiny

of the website for any contractual obligations or terms. *Id.* (quoting *Sellers v. JustAnswer LLC*, 289 Cal. Rptr. 3d 1, 29 (Cal. Ct. App. 2021)); *see also Chabolla*, 129 F.4th at 1155–56. Even the district court recognized as much. Thus, under the "totality of the circumstances," *Oberstein*, 60 F.4th at 514, Yippee's notice was reasonably conspicuous.

2. The district court did not reach the remaining issues raised on appeal, including (a) whether Morrison unambiguously manifested assent to the Terms; (b) whether the delegation provision requires the arbitrator to decide threshold arbitrability issues; (c) whether Morrison's VPPA claim falls within the scope of the arbitration clause; and (d) whether Yippee can enforce the arbitration agreement as a non-signatory, third-party beneficiary per the terms or under equitable estoppel principles. Because appellate courts ordinarily "do not decide in the first instance issues not decided below," *Zivotofsky ex rel. Zivotofsky v. Clinton*, 566 U.S. 189, 201 (2012) (citation omitted), we remand for the district court to address these remaining issues in the first instance.

**REVERSED AND REMANDED.**